UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN RICE, ET AL                                                          CIVIL ACTION

VERSUS

RELIASTAR LIFE INSURANCE                                          NO. 11-44-BAJ-M2
COMPANY, ET AL

## RULING & ORDER

Considering the representation by plaintiffs in their opposition (R. Doc. 24) that the discovery requests at issue in the motion to compel (R. Doc. 23) filed by defendants, Willie Graves, Sheriff of Livingston Parish, State of Louisiana, and Deputy Joel Arnold, were propounded upon plaintiffs prior to the Rule 26(f) conference occurring in this matter,[1] in violation of Fed. R. Civ. P. 26(d)(1);[2] such discovery requests were premature.

---

[1] Fed. R. Civ. P. 26(f) provides that, "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise," neither of which situations exist in the present matter, "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). During that conference, the parties are to consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. Fed. R. Civ. P. 26(f)(2). The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. *Id.*

[2] Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). None of the exceptions to Rule 26(a)(1)(B) exist in this case.

Accordingly;

**IT IS ORDERED** that the Motion to Compel (R. Doc. 23) responses to those discovery requests filed by defendants is hereby **DENIED**.[3]

Signed in chambers in Baton Rouge, Louisiana, May 25, 2011.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] *See, Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115 (D.Del. 2011)(denying a motion to compel on the basis of Fed. R. Civ. P. 26(d)(1) because the discovery requests in question were prematurely submitted before a Rule 26(f) conference had occurred in the case).