UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NATHAN RICE, ET AL.

VERSUS

RELIASTAR LIFE INSURANCE
COMPANY

CIVIL ACTION

NO. 11-44-BAJ-SCR
C/W 11-111-BAJ-SCR

**RULING ON MOTION**

This matter is before the Court on a motion by defendant, Reliastar Life Insurance
Company ("Reliastar") for partial summary judgment (doc. 46). Plaintiffs,[1] the widow and
children of Gerald Rice (collectively "plaintiffs" or "the Rices"), oppose the motion.
Defendant has filed a reply; there is no need for oral argument.

The plaintiffs seek to recover benefits under an Accidental Death and
Dismemberment Insurance policy ("Policy") issued by defendant.   It is undisputed that
Gerald Rice was shot by a police officer responding to a report that Rice was at his home
with a gun in a suicidal state of mind.   There is no dispute that Rice was holding a gun at
the time he was shot.[2] In denying benefits, defendant determined that Gerald Rice's death

---

[1]  Nathan Rice; Brandon Rice; Jonathon Rice; Jessica Rice; Brenda Rice, individually, on behalf
of her minor daughter M.R.

[2]  Plaintiffs allege that on January 27, 2010, someone called 911 to report that Mr. Rice was at
home with a gun and in a suicidal state of mind (doc. 1 ¶ 7). Plaintiffs allege that when deputies
arrived Mr. Rice was in the garage sitting alone inside his truck and holding a gun (doc. 1 ¶ 9).
Plaintiffs allege Mr. Rice told deputies to leave and that he was not going to hurt anybody.
Plaintiffs also allege Mr. Rice fired a single shot into the west wall of the garage, away from
himself and the deputies, who were in Mr. Rice's kitchen (doc. 1 ¶ 14). Plaintiffs allege that Mr.
Rice again asked the deputies to leave and told them he wanted to enter his kitchen (doc 1 ¶
17). Plaintiffs allege that as Mr. Rice walked towards his kitchen, without pointing his gun
towards any of the deputies, he was shot and killed by Deputy Joel Arnold (doc 1 ¶ 21).

1

was not "unexpected" and therefore not accidental within meaning of the policy. In this regard, defendant contends that Rice's death was not unexpected because he approached the deputies with a gun in his hand and accordingly should have known that death or serious bodily injury would follow. Plaintiffs counter that Rice was not pointing the gun at the deputies and he had no reason to expect to be shot.

The first prong of defendant's motion is that Louisiana's presumption against suicide law is preempted by Employee Retirement Income Security Act (ERISA). In their opposition, plaintiffs concede this point, so this issue is moot.

The second prong of the motion is whether defendant's decision to deny benefits should be reviewed by this court under ERISA's deferential arbitrary and capricious standard. The Policy defines "accident" as an "unexpected, external, violent and sudden event" (doc. 38-1, pg. 324). The parties agree that this issue hinges on whether the policy term "unexpected" calls for a factual or legal determination.

The court agrees with defendant that the question of whether a death is accidental presents a **factual** issue with both an objective and subjective component. See, *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1456 (5th Cir. 1995), where the Fifth Circuit agreed with the district court's analysis that for a death to be deemed accidental, "it must be determined (1) that the deceased had a subjective expectation of survival, and (2) that such expectation was objectively reasonable." Likewise in *Dutka,*[3] the Fifth Circuit found that the district court made a factual determination as to the decedent's cause of death and

---

[3] *Dutka ex. Rel. Estate of T.M. v. AIG Life Ins. Co.*, 573 F.3d 210, 213 (5th Cir. 2009) citing *Thomas v. AIG Life Ins. Co.*, 244 F.3d 368, (5th Cir. 2001) ("[b]ecause *Pierre* specifically applied the abuse of discretion standard to an accidental death finding, we do so as well.").

did not err in employing an abuse of discretion standard to review an insurance company's determination that the decedent's intoxication caused the crash that killed him. Id. Similarly, in *Pierre v. Connecticut Gen. Life Ins. Co./Life Ins. Co. of N. Am*,[4] the court applied an abuse of discretion standard of review in reviewing an insurance company's factual determination that a worker's death was not accidental and therefore benefits were not entitled.[5]

Based on the foregoing, the court readily finds that defendant was presented with a factual determination. Plaintiffs' arguments that defendant considered hearsay evidence and failed to consider Rice's subjective intent go to the merits of defendant's decision and are irrelevant to the standard of review.[6] There is no dispute that the arbitrary and capricious standard applies to defendant's factual determinations in the case at hand. Therefore, defendant is entitled to partial summary judgment that this Court will apply the deferential arbitrary and capricious standard of review.

---

[4] 932 F.2d 1552 (5th Cir. 1991).

[5] In *Pierre*, the court found that the insurance company's determination that a death was not accidental was a factual determination when it denied benefits because the deceased was the aggressor and his actions precipitated the shooting that resulted in his death. Therefore, the death did not result "directly and from no other causes, from bodily injuries caused by accident." *Pierre*, 932 F.2d at 1554. Similarly, in this case, Defendant seems to have used the fact that Mr. Rice put himself in a position to be harmed to conclude that his death was not "unexpected," and therefore, not an accident under the policy.

[6] To the extent that plaintiffs argue that this determination involved interpretation of the policy, the court disagrees. The above cited cases show that this is not a matter of plan interpretation.

3

Accordingly, the motion (doc. 46) for partial summary judgment is hereby GRANTED to the extent that the court finds that defendant's decision to deny benefits is a factual determination reviewable under ERISA's arbitrary and capricious standard. For reasons explained herein, the preemption argument is moot.

Baton Rouge, Louisiana, September 25, 2012.

BRIAN A. JACKSON, CHIEF JUDGE