UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN RICE, ET AL.                                    CIVIL ACTION

VERSUS

RELIASTAR LIFE INSURANCE                               No. 11-44-BAJ-SCR
CO., ET AL.                                            C/W 11-111-BAJ-SCR

RULING AND ORDER

Before the Court is a **Re-Urged Motion for Award of Attorneys' Fees and Other Costs (Doc. 118)** filed by Defendants Joel Arnold and Willie Graves (collectively, "Defendants"), seeking an award of attorney's fees and other costs pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and 42 U.S.C. § 1988. Plaintiffs have opposed the motion. (Doc. 119). Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Defendants' **Re-Urged Motion for Award of Attorneys' Fees and Other Costs (Doc. 118)** is **DENIED**. However, the Court admonishes Plaintiffs' counsel for filing and pursing frivolous claims in violation of the Louisiana Rules of Professional Conduct.

I.  BACKGROUND

    A.  Plaintiffs' Allegations and Defendants' Answers

Plaintiffs are the surviving family members of Gerald Rice, who died after being shot in his home on January 27, 2010 by Arnold. (Doc. 1 at ¶¶ 5, 7, 26). Arnold was one of five Livingston Parish Sheriff's Deputies who responded to an

1

emergency call that Gerald Rice was "at his home with a gun and in a suicidal state of mind." (*Id.* at ¶¶ 7, 8). After a confrontation with Arnold and the other deputies, Arnold shot Gerald Rice, who later died from his injuries. (*Id.* at ¶¶ 21, 26).

Plaintiffs filed an action against Defendants under Louisiana's survival, wrongful death, and tort statutes, and under 42 U.S.C. § 1983.[1] (*Id.* at ¶ 2). Plaintiffs alleged that Arnold was liable for claims of excessive and unreasonable use of deadly force; assault; battery; false imprisonment; intentional infliction of emotional distress, fright, and outrage; cruel treatment; failing to provide adequate or timely medical attention; deliberate indifference to the "rights, safety, and dignity of Gerald Rice"; warrantless entry into Gerald Rice's home; and other unspecified violations of the United States Constitution and federal and state laws.[2] (*Id.* at ¶¶ 1, 43). Plaintiffs also alleged that Graves, then the Livingston Parish Sheriff, was liable for Arnold's actions under a theory of respondeat superior, and was additionally liable for "his negligent hiring, retention, training, and supervision of Arnold," and his "deliberate indifference to the acts of Arnold." (*Id.* at ¶¶ 1, 44–46). Defendants denied all substantive allegations and raised several affirmative defenses. (Docs. 8, 19).

---

[1] Plaintiffs also originally filed claims against Reliastar Life Insurance Company ("Reliastar") related to the payment of Gerald Rice's life insurance policy. (Doc. 1 at ¶¶ 33–42). Upon Reliastar's motion, the Court severed Reliastar from this case on September 22, 2011. (Doc. 44). As such, Reliastar is not a party to this motion.

[2] Plaintiffs did not oppose Arnold's motion for summary judgment on their failure to provide adequate or timely medical attention claim. (Doc. 74 at p. 1–2). As the U.S. Court of Appeals for the Fifth Circuit noted in its opinion regarding Plaintiffs' appeal of this Court's grant of summary judgment to Defendants, this Court construed Plaintiffs' claims of "deliberate indifference to the "rights, safety, and dignity of Gerald Rice," cruel treatment, and unspecified constitutional violations as derivative of Plaintiffs' excessive force claim. *Rice v. Reliastar Life Ins. Co.*, 770 F.3d 1122, 1128 n.3 (5th Cir. 2014). Plaintiffs did not challenge this characterization on appeal, and the Fifth Circuit followed the same analytical approach in issuing its opinion. *Id.*

B. Procedural History

Plaintiffs filed the original Complaint in this action on January 25, 2011, and an Amended Complaint on March 9, 2011.³ (Docs. 1, 13). Defendants filed their Answer to the original Complaint on February 17, 2011 (Doc. 8), and to the Amended Complaint on March 23, 2011 (Doc. 19). On May 2, 2012, Defendants filed three separate motions for partial summary judgment: a motion regarding the state law claims against Arnold (Doc. 70), a motion regarding the § 1983 claims against Arnold (Doc. 71), and a motion regarding all claims against Graves (Doc. 72).⁴ Plaintiffs opposed the three motions for partial summary judgment (Docs. 74, 75), and filed their own motion for summary judgment on October 26, 2012 (Doc. 90). The Court granted all three of Defendant's summary judgment motions on November 27, 2012. (Doc. 93).

Defendants originally filed a Motion for Attorney Fees and for Other Costs in this action on December 13, 2012. (Doc. 95). However, Plaintiffs filed a Motion to Alter or Amend Judgment or for Relief from Judgment on December 27, 2012 (Doc. 96), which the Court denied on May 6, 2013 (Doc. 107). On June 3, 2013, Plaintiffs filed a Notice of Appeal to the Fifth Circuit. (Doc. 108). As such, the Court dismissed the original attorney's fee motion, without prejudice, on January 8, 2014 because this Court's judgment in the case was pending before the Fifth Circuit. (Doc. 114). The Court expressly stated that the motion could "be re-filed in

---

³ The Amended Complaint (Doc. 13) augments Paragraph 28 of the original Complaint (Doc. 1) by adding Paragraphs 28A through 28F. (Doc. 13). The Amended Complaint did not make any other changes to the content or paragraph numbering of the original Complaint. (*Id.*)

⁴ Defendants did not file any motions under Rule 12 in this action.

3

accordance with the mandate from the Fifth Circuit Court of Appeals." (*Id.* at p. 2). The Fifth Circuit affirmed this Court's ruling on the summary judgment motions on October 27, 2014. *Rice*, 770 F.3d at 1122. Defendants then filed this "re-urged" motion for attorney's fees and costs on December 29, 2014. (Doc. 118). Plaintiffs filed their opposition to this motion on January 20, 2015. (Doc. 119). Defendants filed a reply in support of this motion on March 23, 2015 (Doc. 123) upon securing the permission of the Court (Doc. 122).

## II. STANDARD OF REVIEW

The general rule in the United States is that litigants must pay their own attorney's fees, absent legislation providing otherwise. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). However, Section 1988 grants the Court the authority to award the prevailing party in actions under various civil rights acts, including 42 U.S.C. § 1983, reasonable attorney's fees as part of its costs. 42 U.S.C § 1988(b) ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . , the court, *in its discretion*, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .") (emphasis added); *see also Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (affirming an award of attorney's fees to two of four defendants because the claims against them were frivolous). In *Hughes v. Rowe*, the Supreme Court extended its holding in *Christiansburg*, which allowed the award of attorney's fees to prevailing Title VII defendants under certain circumstances, to the award of attorney's fees under § 1988 to defendants in § 1983 actions. *Hughes v. Rowe*, 449 U.S. 5, 14–15

4

(1980) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). As such, a court may award a defendant attorney's fees under § 1988 if the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes*, 449 U.S. at 15 (quoting *Christiansburg*, 434 U.S. at 442) (internal quotations omitted).

The Fifth Circuit has established that the relevant question in determining frivolity is "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Miss.*, 921 F.2d 604, 609 (5th Cir. 1991). A claim is not frivolous solely because a plaintiff did not ultimately prevail or because it was dismissed before reaching the jury. *Doe v. Silsbee Indep. Sch. Dist.*, 440 Fed. App'x 421, 425 (5th Cir. 2011) (unpublished, but persuasive). In deciding whether a case was frivolous, a court should review "(1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." *Miss.*, 921 F.2d at 609. The Fifth Circuit has generally concluded that awards of attorney's fees for defendants are appropriate where "the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputedly meritless legal theory," or when the "plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Doe*, 440 Fed. App'x at 425. When a plaintiff has asserted both frivolous and non-frivolous claims, a court may grant reasonable attorney's fees to the defendant "only for the costs that the defendant would not have incurred

but for the frivolous claims." *Fox v. Vice*, ___ U.S. ___, ___, 131 S. Ct. 2205, 2211 (2011).

III. ANALYSIS

The Court must decide whether any of Plaintiffs' claims against Arnold and Graves were frivolous and/or unnecessarily litigated. The Court will review the claims in turn:

A. State Law Claims Against Arnold

Plaintiffs filed claims under Louisiana law of (1) assault and battery, (2) false imprisonment, and (3) intentional infliction of emotional distress, fright, and outrage against Arnold. (Doc. 1 at ¶ 43). This Court held that Arnold was entitled to judgment as a matter of law on these claims (Doc. 93), and the Fifth Circuit affirmed. *Rice*, 770 F.3d at 1135–37.

1. Assault and Battery

Louisiana law provides that a law enforcement officer can use force that is "reasonable" under the circumstances to effect an arrest, or subdue or detain an arrestee, without incurring liability for battery. *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 511 (La. App. 1st Cir. 1985). A use of force that would ordinarily be protected becomes actionable battery when the use of force is excessive. *Penn v. St. Tammany Parish Sheriff's Office*, 2002-0893, p. 7 (La. App. 1 Cir. 4/2/03); 843 So.2d 1157, 1161. "In order to succeed on a § 1983 claim that the defendants violated his Fourth Amendment right against excessive force, a plaintiff must show that he was seized and that he suffered (1) an injury that (2) resulted directly and only from the

use of force the was excessive to the need and that (3) the force used was objectively unreasonable." *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (internal quotations and citations omitted).

In affirming this Court's summary judgment ruling, the Fifth Circuit characterized Plaintiffs' excessive force claims as "not genuine," "not material," and "analogous" to published and binding case law. *Rice*, 770 F.3d at 1133–35. However, this does not mean that the claim was inherently frivolous. Whether Arnold's actions constituted actionable battery was dependent upon whether the force Arnold used in subduing Gerald Rice was objectively reasonable. *See Penn*, 843 So.2d at 1161; (Doc. 93 at p. 13). Plaintiffs established the first two elements of a prima facie case of excessive force against Arnold when they alleged that Gerald Rice's death resulted only and directly from shots fired by Arnold. Plaintiffs further alleged the third element of an excessive force claim when they asserted that Arnold's use of force was unreasonable given the directives of the Livingston Parish Sheriff's Office Policy and Procedure Manual, and that none of the other officers on the scene fired their weapons. (Docs. 1, 74). The fact that Plaintiffs established a prima facie case of excessive force prevents this Court from finding this claim to be frivolous, meritless, or groundless.

2. **False Imprisonment**

Under Louisiana law, there are two essential elements to the tort of false imprisonment: (1) detention of the person and (2) the unlawfulness of the detention. *Bellanger v. Webre*, 2010-0720, p. 12 (La. App. 1 Cir. 5/6/11), 65 So.3d

201, 209 (citing *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418, p. 32 (La. 7/10/06), 935 So.2d 669, 690); (Doc. 93 at p. 8–9). After reviewing the evidence, this Court found that "[w]hile [Gerald] Rice's actions could have subjected him to lawful detention, Plaintiffs are unable to demonstrate that he was ever actually detained." (Doc. 93 at p. 9). This Court noted a Louisiana statute in effect that indicated that Gerald Rice's action in firing his weapon in the presence of deputies and a family member would subject him to lawful detention and arrest. (Doc. 93 at. p. 9).[5] This Court further drew the parties' attention to case law that established that "[Gerald] Rice was never totally restrained as is required to establish unlawful detention by law." (Doc. 93 at p. 9).

Therefore, Plaintiffs did not establish a prima facie case of false imprisonment, and relied on a legal theory contradicted by statute and case precedent to attempt to prove their claim. Plaintiffs also failed to make an argument against dismissal of the false imprisonment claim in their opposition to Defendants' partial summary judgment motion regarding the state law claims

---

[5] In its Ruling on the summary judgment motions, this Court took deemed admitted certain uncontested facts, specifically that "[a]ccording to Defendants, while the deputies were at Mr. [Gerald] Rice's residence, the deputies subsequently heard a single gunshot (doc. 72-2 ¶ 6)." Further, this Court stated in its Ruling that:

> Here, Plaintiffs are unable to demonstrate that Mr. [Gerald] Rice was ever detained or that any such detention was unlawful. First, Defendant argues, and the Court agrees, that during the incident in question, Mr. Rice committed a number of crimes in the presence of a peace officer for which he could be subject to lawful detention. La. C. Cr. P art. 213 (1), (3) (2011). For example Louisiana law makes it a crime to intentionally, or with criminal negligence, "discharge a firearm . . . where it is foreseeable that it may result in death or great bodily harm to a human being." La. Rev. Stat. Ann. 14:94 (2009). Here, Mr. [Gerald] Rice fired his weapon while deputies and a family member were in and around his premises. This crime was enough to subject Mr. [Gerald] Rice to lawful detention and arrest.

(Doc. 93 at p. 9).

8

against Arnold. (Doc. 74). Additionally, Defendants did not make any offer to settle the claim. (Doc. 118-1 at p. 6). The Court therefore finds Plaintiffs' claim of false imprisonment to be frivolous.

   3.  **Intentional Infliction of Emotional Distress, Fright, and Outrage**

Louisiana law requires that plaintiffs satisfy the following elements to establish an intentional infliction of emotional distress, fright, and outrage claim: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *LaBove v. Raftery*, 2000-1394 & 2000-1423, p. 16–17 (La. 11/28/01), 802 So.2d 566, 577 (citing *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991)); (Doc. 93 at p. 10). In its summary judgment ruling, this Court noted that "Plaintiffs are unable to demonstrate that any conduct on the part of Defendant was extreme and outrageous or that Defendant intended to inflict severe emotional distress on [Gerald] Rice or knew that severe emotional distress would be certain or substantially certain to result from his conduct." (Doc. 93 at p. 10). This Court further observed that "Plaintiffs fail to assert any facts to establish the elements of this claim."[6] (Doc. 93 at p. 11).

---

[6] Plaintiffs' main argument in support of their intentional infliction of emotional distress, fright, and outrage claim in their Opposition to the Defendants' summary judgment motions was not of the existence of a genuine dispute of material fact, but of purportedly logical inference. Specifically, Plaintiffs asked the Court to reject Arnold's self-defense claim by asserting that "should the jury reject Arnold's self-serving testimony in favor of the evidence suggesting that [Gerald] Rice was

9

As such, the Plaintiffs failed to establish a prima facie case of intentional infliction of emotional distress, fright, and outrage. (*See* Doc. 93 at p. 10–11). Defendants also declined to make any offer to settle this claim. (Doc. 118-1 at p. 6). Lastly, Plaintiffs' failure to assert any facts to support this claim indicates that counsel either knew or should have known of its legal and evidentiary deficiencies. The Court finds this claim to be frivolous.

### B. Section 1983 Claims Against Arnold

Plaintiffs' § 1983 action against Arnold alleged claims of excessive force and warrantless entry. (Doc. 1 at ¶ 43). This Court held that Arnold was entitled to judgment as a matter of law on these claims (Doc. 93), and the Fifth Circuit affirmed. *Rice*, 770 F.3d 1122, 1130–35.

As previously discussed, Plaintiffs' claim of excessive force was not frivolous because the plaintiffs were able to establish a prima facie cases against Arnold. Similarly, the law surrounding the plaintiffs' claim that Arnold's warrantless entry to prevent Gerald Rice from harming himself was not clearly established in this Circuit at the time Plaintiffs filed their action. *Rice*, 770 F.3d at 1131. ("[O]ur Court has not yet resolved the constitutional question these cases present: whether the exigent circumstances exception to the warrant requirement may allow for a warrantless entry based on the threat an individual poses to himself."). As such, this Court cannot find that Plaintiffs' litigation of this claim was unfounded.

---

unarmed, then Arnold's killing of a depressed and suicidal man occupying his own home and asking to be left alone cannot be anything other than extreme and outrageous." (Doc. 74 at p. 13–14).

### C. State Law and § 1983 Claims Against Graves

Plaintiffs also alleged that Graves was liable, both individually and in his official capacity, to Plaintiffs for Arnold's purported state law and § 1983 violations, under a theory of respondeat superior. (Doc. 1 at ¶ 44). Plaintiffs further averred that Graves was liable for his negligent hiring, retention, training, and supervision of Arnold. (Doc. 1 at ¶¶ 45–46). This Court held that Graves was entitled to judgment as a matter of law on these claims (Doc. 93), and the Fifth Circuit affirmed. *Rice*, 770 F.3d 1122, 1137–38.

As an action against a public official is "only another way of pleading an action against an entity of which an officer is an agent," such claims are considered to be claims against the municipality. *E.g., Ky. v. Graham*, 473 U.S. 159, 165 (1985). Under long-standing Supreme Court precedent, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *E.g., Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). It is also axiomatic that the imposition of liability on a supervisor requires an underlying constitutional violation. *E.g., Tamez v. Manthey*, 589 F.3d 764, 772 (5th Cir. 2009).

As previously discussed, the Rice Plaintiff's assault and battery claim against Arnold had merit, but their false imprisonment and intentional infliction of emotional distress, fright, and outrage claims were frivolous. As such, the false imprisonment and intentional infliction of emotional distress, fright, and outrage claims against Graves in his official capacity were even more frivolous, given that they were pleaded on what Plaintiffs should have known was a groundless

respondeat superior theory. The Court has noted, however, that the constitutional claims against Arnold had merit. Therefore, Plaintiffs' litigation of Graves' supervisory liability based on the plaintiffs' constitutional claims also had merit.

### D. Arguments Presented in Plaintiffs' Opposition to this Motion

Plaintiffs argue that none of the claims in this action could be frivolous because, through its actions, the Fifth Circuit his indirectly commented on the validity of the claims. Plaintiffs maintain that, under Federal Rule of Appellate Procedure ("Appellate Rule") 34, the Fifth Circuit would not have granted oral argument to frivolous claims. (Doc. 119 at p. 2). Plaintiffs further argue that their claims are "not only not frivolous but rank only below the most complex cases involving major legal questions" because the Fifth Circuit granted Plaintiffs the twenty (20) minutes of oral argument normally granted such claims. (Doc. 119 at p. 3). Additionally, Plaintiffs contend that the Fifth Circuit would not have published its opinion affirming this Court's summary judgment decision if Plaintiffs' claims were frivolous. (Doc. 119 at p. 4–5). Lastly, Plaintiffs aver that the Fifth Circuit's order in its judgment in this action that each party is to bear its own costs, despite an appellate rule stating that when a judgment is affirmed, costs are to be taxed against the appellant, is indicative of the merit of their claims. (Doc. 119 at p. 6).

Appellate Rule 34 actually requires that "[o]ral argument must be allowed in every case" absent unanimous agreement among a panel of three judges that the appeal is frivolous, that the dispositive issues have been authoritatively decided, or that oral argument would not aid in the decisional process. F. R. App. P. 34(a)(2).

The Court notes that the Fifth Circuit could just as easily have granted oral argument to address the action's warrantless entry issue. Neither the grant of oral argument, the length of time allotted for that argument, nor the publication of the Circuit's decision necessarily reflect the Circuit's judgment regarding whether Plaintiffs' false imprisonment and intentional infliction of emotional distress, fright, and outrage claims are frivolous. This Court will not attempt to divine the Fifth Circuit's judgment on an issue that has not been presented before it. Similarly, Appellate Rule 39 requires that a party seeking an order taxing costs file an itemized and verified bill of costs with the appellate court within fourteen (14) days of the entry of judgment. F. R. App. P. 39(d)(1). As Defendants noted in their Reply, Defendants did not seek an order from the Circuit to recover their costs. (Doc. 123 at p. 3).

## IV. CONCLUSION

The Court finds that given established case law and statutes in effect at the time Plaintiffs filed their action against Defendants Arnold and Graves, Plaintiffs' claims of false imprisonment and intentional infliction of emotional distress, fright, and outrage claims were frivolous. The Court further holds that because Plaintiffs' initial litigation of their false imprisonment and intentional infliction of emotional distress, fright, and outrage claims were frivolous against both Defendants, it logically follows that the continued litigation of these claims through a Motion to Alter or Amend Judgment or for Relief from Judgment (Doc. 96) and an appeal to the Fifth Circuit (Doc. 108) was similarly unwarranted. As such, the Court would

be well within its authority to award Defendants attorney's fees for their efforts in defending against these claims.

However, the Court will exercise its discretion so as to decline an award of Defendants attorney's fees for the frivolous claims Plaintiffs filed in this case. Such an award may place undue hardship on Plaintiffs for their counsel's failures to properly investigate the facts here prior to filing the claims. Instead, the Court admonishes Plaintiffs' counsel for asserting issues without "a basis in *law and fact* for doing so that is not frivolous." LA. RULES OF PROF'L CONDUCT R. 3.1 (effective Mar. 1, 2004) (emphasis added). Under these ethical obligations, an attorney's failure to investigate his or her case is sanctionable. *United States v. Cavin*, 39 F.3d 1299, 1308 (5th Cir. 1994) ('These ethical obligations are enforceable; a lawyer violating them may find himself before the state Supreme Court facing sanctions up to and including disbarment.'); *see In re Zohdy*, p. 9 n.9 2004-2361 (La. 1/19/05); 892 So.2d 1277, 1283 n.9 (suspending an attorney from the practice of law in Louisiana for three years, in part because of "a pattern 'of failing to investigate . . .'" his case). All attorneys practicing in the Middle District are expected to comply with these rules. L.R. 83(b)(12)(A). Counsel should consider this admonition a warning; similar action in the future may result in disciplinary action.

Accordingly,

**IT IS ORDERED** that Defendants' Joel Arnold and Willie Graves **Re-Urged**

Motion for Award of Attorneys' Fees and Other Costs (Doc. 118) is DENIED.

Baton Rouge, Louisiana, this 29th day of May, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**